JOHN S. JUMPER *vs.* FRANK I. MOORE et al.

Cumberland.    Opinion December 26, 1912.

*Appraisal.   Assignment.   Attachment.   Certiorari.   Creditors.   Disclosure
commissioner.   Exemptions.   Personal labor.   Record.   Revised
Statutes,   Chapter 114,   Sec. 280.   Writ.*

1.  Subdivision VI, Sec. 55, C. 88, R. S., as amended by Chapter 256, Laws
of 1909, and as further amended by Chapter 175, Laws of 1911, which
provides that no person shall be adjudged a trustee under trustee process,
"By reason of any amount due from him to the principal defendant as
wages for his personal labor, or that of his wife or minor children, for a
time not exceeding one month next preceding the service of the process,
and not exceeding twenty dollars of the amount due him as wages for his
personal labor; and ten dollars shall be exempt in all cases,"—is in effect
a general exemption from attachment of at least ten dollars of a debtor's
wages, since the trustee process is the only appropriate proceeding under
our statutes for the attachment of such property right.

2.  A poor debtor should not have been required, under the provision of
Sec. 28, C. 114, R. S., to assign to his judgment debtor, whose original
debt was for necessaries, a claim of $8, which was the only sum due him
as wages for his personal labor earned within one month next preceding
the date of his disclosure, because that amount of his wages at least is
exempt from attachment.

3.  The decision of the disclosure commissioner in this case not to require
the debtor to assign to the creditors the $8, being the balance due him as
wages for his personal labor, was correct.

Writ denied.    Petition dismissed with costs.

This is a petition for a writ of certiorari to quash a record of a
disclosure commissioner relating to the disclosure and discharge of
a poor debtor under the provisions of Chapter 114 of the Revised
Statutes.    The sole question presented is whether under Chapter
114, sec. 28, R. S., a poor debtor should have been required to assign
to his judgment creditor, whose original debt was for necessaries,
a claim for $8.00, the only sum due him as wages for his personal
labor earned within one month next preceding the date of his dis-
closure.    The commissioner who took the poor debtor's disclosure

refused to require the debtor to assign the $8.00 to his creditor. The case is reported to the Law Court upon the petition, answer and agreed statement of facts.

The case is stated in the opinion.

*D. A. Meaher,* for petitioner.

*Frank I. Moore,* for defendants.

SITTING: WHITEHOUSE, C. J., SAVAGE, SPEAR, CORNISH, KING, HALEY, JJ.

KING, J. This is a petition for a writ of certiorari to quash a record of a disclosure commissioner relating to the disclosure and discharge of a poor debtor under the provisions of chapter 114 of the Revised Statutes. The case is reported to the law court upon the petition, answer, and agreed statement of facts.

The question presented is whether under the provisions of sec. 28, c. 114, R. S., a poor debtor should have been required to assign to his judgment creditor, whose original debt was for necessaries, a claim for $8.00 which was the only sum due him as wages for his personal labor earned within one month next preceding the date of his disclosure.

The section of the statute referred to, so far as material, reads as follows :

"When from such disclosure it appears that the debtor possesses, or has under his control, any bank bills, notes, accounts, bonds or other contracts or property, not exempted by statute from attachment, which cannot be come at to be attached, and the petitioner and debtor cannot agree to apply the same towards the debt the magistrate hearing the disclosure shall appraise and set off enough of such property to satisfy the debt, costs and charges ; and the petitioner or his attorney, if present, may select the property to be appraised. If the petitioner accepts it, it may be assigned and delivered to him by the debtor, and applied towards the satisfaction of his demand. Except where the original debt was for necessaries, the debtor shall not be required to assign any sums due him as wages for his personal labor earned within one month next preceding the date of the disclosure and not exceeding twenty dollars."

It is contended that the debtor should not have been required to assign said claim, because it was exempt from attachment under the statutes of this State in force in 1912 when the judgment was obtained and the disclosure made. And the statute quoted applies only to such bank bills, notes, accounts, etc., as are "not exempted by statute from attachment." Was the $8.00 in question "exempted by statute from attachment," within the meaning of the statute quoted? We think it was.

Subdivision VI, sec. 55, c. 88, R. S., as amended by chapter 256, of the Laws of 1909, and as further amended by chapter 175 of the Laws of 1911, provides that no person shall be adjudged a trustee, under trustee process, "By reason of any amount due from him to the principal defendant as wages for his personal labor, or that of his wife or minor children, for a time not exceeding one month next preceding the service of the process, and not exceeding twenty dollars of the amount due to him as wages for his personal labor; and ten dollars shall be exempt in all cases."

By these legislative acts of 1909 and 1911 it was expressly provided that in "all cases" ten dollars of the wages for the personal labor of a debtor should be exempt from attachment under the trustee process. That we think is in effect a general exemption from attachment of that much of a debtor's wages, since the trustee process is the only appropriate proceeding under our statutes for the attachment of such a property right.

But it is suggested in behalf of the creditor that if the legislation, amending the statute relating to the trustee process so that in all cases at least ten dollars of the debtor's wages is exempt therefrom, is to be regarded as an exemption from attachment of that much of his wages within the meaning of sec. 28, c. 114, nevertheless, the provision of sec. 28 requiring an assignment, not having been expressly repealed, was still in force, and the debtor should have been required under that provision to make the assignment of the $8.00, the original debt being one for necessaries.

It is, however, a well recognized principle, that where a new legislative act covers the same subject matter as an existing statute, and the two are so plainly repugnant and inconsistent that they cannot stand together, the old statute is to be regarded as amended by the new so as to become conformable thereto.

In *Starbird* v. *Brown,* 84 Maine, 238, 240, the court said: "The test is whether a subsequent legislative act is so directly and positively repugnant to the former act, that the two cannot consistently stand together. Is the repugnancy so great that the legislative intent to amend or repeal is evident? Can the new law and the old be each efficacious in its own sphere?"

Let us apply this test to the case at bar.

It is reasonably certain that the intention of the Legislature, when it amended the trustee process as above noted, was to make ten dollars of a debtor's wages secure and available to him for the immediate succor of himself and family.

While the new legislative acts expressly amended the statute relating to the trustee process, still it cannot be reasonably contended that it was not the legislative purpose to make at least ten dollars of a debtor's wages in all cases exempt from any attachment.

The new provision cannot work in harmony with the old law, for the operation of the old would completely destroy the efficacy of the new. If a poor debtor is to be required in certain cases to assign all the wages due him, then certainly he would not have ten dollars exempt for his benefit in all cases as the Legislature manifestly intended.

It is therefore the opinion of the court that the decision of the disclosure commissioner in this case, not to require the debtor to assign the $8.00 to his creditors, was correct.

*Writ denied.*
*Petition dismissed with costs.*